889 F.2d 1089
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ronald K. WOODRUFF, Petitioner-Appellant,
v.
Norris McMACKIN, Supt., Respondent-Appellee.
 No. 88-3271.
 United States Court of Appeals, Sixth Circuit.
 Nov. 20, 1989.
 
 Before KENNEDY and DAVID A. NELSON, Circuit Judges, and THOMAS A. WISEMAN, Chief District Judge.*
 PER CURIAM.
 
 
 1
 On January 22, 1975, a gas station in Cleveland, Ohio, was robbed, and one of the attendants was killed. Petitioner Ronald Woodruff was arrested at the scene of the crime. Mr. Woodruff had been wounded, and he was taken to a hospital where doctors promptly performed a bifrontal craniotomy and wound debridement. Woodruff's right eye, which had been ruptured, was surgically removed on January 31.
 
 
 2
 Mr. Woodruff was subsequently indicted by a grand jury on one count of aggravated murder with a death penalty specification, two counts of aggravated robbery, and one count of attempted aggravated murder. On March 25, 1975, pursuant to a plea agreement, Mr. Woodruff pleaded guilty to one count of aggravated murder; he was sentenced to life imprisonment.
 
 
 3
 Mr. Woodruff thereafter instituted a federal habeas corpus proceeding in which he raised issues as to the voluntariness of his plea and effective assistance of counsel. The district court denied the writ. We conclude it was correct in doing so.
 
 
 4
 * * *
 
 
 5
 * * *
 
 
 6
 Petitioner Woodruff contends that the pain he suffered from his injuries prevented him from making a voluntary and intelligent choice to plead guilty. Nothing in the record, however, suggests that petitioner experienced a level of pain that would have made it impossible for him to enter a valid plea. What prompted the plea, as the district court found, was the fact that petitioner was facing the possibility of a death sentence, not the fact that he had lost an eye and had brain surgery two months earlier. That a guilty plea is entered in order to avoid the death penalty does not make the plea involuntary. Brady v. United States, 397 U.S. 742, 755 (1970).
 
 
 7
 Petitioner's claim of ineffective assistance of counsel is equally unpersuasive. To prevail on such a claim, a petitioner must prove both that counsel was deficient and that the petitioner was prejudiced thereby. Strickland v. Washington, 466 U.S. 668 (1984). Proof of ineffective assistance "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. Proof of prejudice requires showing "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52 (1985).
 
 
 8
 Petitioner Woodruff has shown neither ineffective assistance nor prejudice. The record indicates that petitioner's two lawyers, both experienced criminal practitioners, assessed all the evidence, discussed the situation with the petitioner, and jointly determined that without a plea of guilty petitioner might well lose his life. That determination was not unreasonable, and counsel's plea recommendation was clearly within the realm of reasonable professional judgment.
 
 
 9
 * * *
 
 
 10
 * * *
 
 
 11
 Petitioner also asserts that he was denied his Fifth Amendment rights when the trial court compelled him to testify at the habeas corpus hearing concerning his knowledge of the circumstances surrounding the robbery. However, as the Supreme Court held in Boykin v. Alabama, 395 U.S. 238, 243 (1969), the privilege against compulsory self-incrimination is waived when a defendant enters a valid guilty plea. See Malloy v. Hogan, 378 U.S. 1 (1964). In addition, the privilege cannot be violated without having been asserted. Minnesota v. Murphy, 465 U.S. 420, 429 (1984). Petitioner failed to assert the privilege, and his third claim, like his first two, is without merit.
 
 
 12
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Thomas A. Wiseman, Chief Judge, United States District Court for the Middle District of Tennessee, sitting by designation